In re PATERNITY OF D.L.

C.L., Appellant–Respondent,

v.

Y.B., Appellee–Petitioner.

No. 88A01–1002–JP–224.

Court of Appeals of Indiana.

Feb. 25, 2011.

Alice L. Bartanen Blevins, Bartanen Law Office, LLC, Salem, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Kathy Bradley, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

CRONE, Judge.

Y.B. ("Mother") petitions for rehearing in *In Re Paternity of D.L.*, 938 N.E.2d 1221 (Ind.Ct.App.2010). We grant Y.B.'s petition in order to clarify our opinion but reaffirm it in all respects.

In this case, C.L. admitted to paternity of D.L. in a 1996 hearing held on Mother's petition to establish paternity. Mother was granted physical custody, and C.L. was ordered to pay child support. After ten years, the trial court granted C.L. physical custody of D.L. Mother thereafter sought to regain custody of D.L., and she and C.L. submitted an agreed entry to the trial court, in which physical custody of D.L. was returned to Mother and C.L. agreed to DNA testing to determine paternity. The parties' agreement was approved by the trial court. The DNA test

showed that C.L. was not D.L.'s biological father.

Meanwhile, in a separate cause, Mother and another man, K.G., filed an agreed stipulation to establish paternity. Genetic testing established K.G. as D.L.'s biological father, and paternity was formally established in K.G. In that action, the trial court ordered that D.L.'s birth record be amended to change D.L.'s legal father from C.L. to K.G.

C.L. then asked the trial court in this cause to be relieved from paying his child support arrearage, which the trial court denied. C.L. appealed the denial, presenting two arguments: that the trial court erred in failing to disestablish paternity and that the trial court erred in denying his request to terminate his child support arrearage. We concluded that C.L. waived his argument that the trial court erred in failing to disestablish paternity. However, we noted that paternity of D.L. had been established in K.G. The State of Indiana no longer recognized C.L. as D.L.'s legal father. Therefore, we concluded that for all intents and purposes C.L.'s paternity of D.L. had been disestablished. *Id.* at 1225. For that reason, we addressed C.L.'s argument that the trial court erred in denying his request to terminate his child support arrearage.

To determine whether C.L.'s child support arrearage should be terminated, we relied on Indiana Code Section 31–14–11–23, which provides, "If a court vacates or has vacated a man's paternity of a child based on fraud or mistake of fact, the man's child support obligation, including any arrearage, terminates." We concluded that C.L.'s paternity was vacated due to mistake of fact, and therefore his child support, including any arrearage, must be terminated.

■ On rehearing, Mother asks us to clarify that proper procedures must be followed in order for a court to vacate paternity and terminate child support arrearage. Initially, we note that Mother conflates these two issues, when they are separate inquiries. Keeping the two issues separate will alleviate much of Mother's confusion as to the effect of our opinion.

Mother notes that in our opinion we stated that where paternity was established by an action commenced pursuant to Indiana Code Article 31–14, disestablishing paternity "may be properly pursued via a motion to disestablish paternity, a motion to vacate paternity order, or a Trial Rule 60(B) motion for relief from judgment, but C.L. did not file any such motions, present an oral request, or offer any argument before the trial court on this matter." 938 N.E.2d at 1225. Mother then jumps to a discussion of the requirements of Indiana Code Section 31–14–11–23. However, as we noted in our opinion, "Section 31–14–11–23 governs the remedy to be implemented once a man's paternity has been vacated, not the propriety of vacating paternity." *Id.* at 1228.

Mother fails to recognize that we found that because C.L. did not file a motion to disestablish paternity, a motion to vacate paternity order, or a Trial Rule 60(B) motion for relief from judgment, or offer any argument on disestablishing paternity, *he waived his argument* that the trial court erred in failing to disestablish paternity. Our conclusion on this point emphasizes the proper way to disestablish paternity and that C.L. did not pursue the proper avenues. However, in the unique circumstances of this case, paternity was actually established in another man, K.G. K.G. is now the legal father of D.L. D.L. has two legal parents, Mother and K.G. C.L. is now not a legal parent of D.L. As we noted in our opinion, Mother herself argued that a

motion to disestablish paternity was unnecessary because paternity was established in K.G. *Id.* at 1225. Implicit in this argument is the recognition that C.L.'s paternity has been disestablished. The trial court also implicitly recognized that C.L.'s paternity was disestablished when it found that C.L. should not be responsible for any further child support for D.L. Only after the threshold question of whether to disestablish a man's paternity has been resolved, do we next proceed to consider whether Indiana Code Section 31–14–11–23 applies to terminate a child support arrearage.

■ As for Indiana Code Section 31–14–11–23, Mother asserts that there was no evidence that C.L.'s paternity was based on fraud or mistake of fact. Mother states that this "Court found that because the paternity test showed that C.L. was not the biological father of D.L., this was a mistake of fact. The result of this Court's holding is that a man may obtain a genetic test that excludes him as the father of a child and this will automatically relieve him of any child support arrearage obligations without any need to provide any evidence of mother's conduct" Appellee's Pet. for Reh'g at 2. That is an incorrect summary of our decision. We did not suggest that the paternity test itself proved that there was a mistake of fact. Rather, the mistake of fact was that C.L. believed that he was the father of C.L. at the time he affirmed paternity verbally in front of the trial court.

Mother argues that "it is not always true that a test proves a mistake of fact. For example, a man may be fully aware that his then-partner is not carrying his child, but may nonetheless vow to provide for that child and affirm in court that the child is his." *Id.* In Mother's example, there is no mistake of fact because the man never mistakenly thought that he was

the child's father. Our opinion does not remotely suggest that a paternity test proves a mistake of fact under such circumstances.

Finally, Mother argues that our opinion "can be interpreted as being inconsistent with the long-held precedent that a father may not challenge a paternity order by actively seeking genetic testing to prove he is not the father of the child." Appellee's Pet. for Reh'g at 3. We disagree. Any confusion can be dispelled by keeping the question of disestablishment of paternity distinct from the question of whether termination of child support arrearage is proper. In our opinion we specifically stated, "Section 31–14–11–23 governs the remedy to be implemented once a man's paternity has been vacated, *not the propriety of vacating paternity.*" 938 N.E.2d at 1228 (emphasis added).

Subject to these clarifications, we affirm our original opinion in all respects.

KIRSCH, J., and BRADFORD, J., concur.